894 F.2d 403
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Armando Eugene MINES, a/k/a Robert Edward Mines, Defendant-Appellant.
 No. 89-5172.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 14, 1989.
Decided: Jan. 16, 1990.
 
 Fred Warren Bennett, Federal Public Defender; Michael Citaramanis, Assistant Federal Public Defender, on brief, for appellant.
 Breckinridge L. Willcox, United States Attorney; Harvey Ellis Eisenberg, Assistant United States Attorney, Coordinator, Organized Crime Drug Enforcement Task Force, Mid-Atlantic Region; Miriam Aroni Krinsky, Assistant United States Attorney, on brief, for appellee.
 Before DONALD RUSSELL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 A jury found Armando Mines guilty of 13 criminal counts related to drug and firearm violations. Mines appeals his conviction on the grounds that the district court erroneously denied his motion to suppress evidence, Federal Rule of Evidence 804(b)(3) is unconstitutional, the court improperly excluded evidence of a statement against interest, and the court erred in allowing cross-examination of a defense witness. We affirm.
 
 
 2
 * Armando Mines was arrested on June 13, 1988, for a handgun violation. He falsely identified himself as Robert Mines at the time of arrest. Police discovered that Mines had used his alias to illegally purchase firearms from a gun shop throughout 1988. The information about these purchases provided the basis for an arrest warrant and warrant to search Mines' apartment. The search on September 26, 1988, produced numerous incriminating items, including cocaine, hydraulic presses, several hundred vials, receipts for gun purchases, a rifle, and money wrappers found in the master bedroom. A grand jury returned an indictment charging Mines with 13 counts, including 12 counts of firearm violations and 1 count of possession with intent to distribute over 500 grams of cocaine. The jury found Mines guilty of all counts on March 23, 1989. The court sentenced Mines to a total term of imprisonment of 13 years and 1 month on June 20, 1989.
 
 II
 
 3
 Mines argues that the trial court's denial of his motion to suppress the evidence seized from his residence was erroneous because the information contained in the affidavit supporting the search warrant was stale and did not establish probable cause. We do not need to determine whether probable cause to search Mines' apartment in fact existed if the executing officer's reliance on the magistrate's probable cause determination was objectively reasonable. United States v. Leon, 468 U.S. 897 (1984). The search warrant affidavit included specific grounds for probable cause including police observations in the two-week period before the search warrant was issued. There is no evidence that "a reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization." 468 U.S. at 922 n. 23. Consequently, we affirm the district court's denial of the motion to suppress.
 
 III
 
 4
 Mines contends that the trial court erred in excluding evidence of a notarized written statement signed by Mines' roommate, Tyrone Tyler. In the statement, Tyler claimed that "I am responsible for the contraband found in the apartment," and "I am apologizing for putting Mr. Robert Mines through so much trouble." The trial court excluded the statement under Federal Rule of Evidence 804(b)(3)* as an inadmissible statement against interest.
 
 
 5
 Mines argues that the corroborating circumstances requirement of Rule 804(b)(3) is unconstitutional because it interferes with the presumption of innocence and the defendant's Sixth Amendment right to present witnesses in his behalf.
 
 
 6
 Mines' argument that Rule 804(b)(3) infringes on the presumption of innocence principle is without merit. The rule does not absolve the government from its constitutional requirement in criminal cases to prove beyond a reasonable doubt every element of the crime charged.
 
 
 7
 The corroboration requirement of Rule 804(b)(3) does not violate the defendant's Sixth Amendment right to present witnesses on his behalf. In Chambers v. Mississippi, 410 U.S. 284 (1973), the Supreme Court held that the enforcement of a state hearsay rule which did not provide an exception for statements against penal interest denied Chambers' right to present witnesses in his own defense. Significant factors in the Court's decision were that the statement was corroborated by other facts supporting its trustworthiness, the statement was spontaneous, and the declarant was available at time of trial. 410 U.S. at 300-01. Rule 804(b)(3) avoids the constitutional infirmity of the state rule as applied in Chambers by allowing a statement against interest when corroborating circumstances clearly show its trustworthiness and when the declarant is unavailable as a witness. See United States v. MacDonald, 688 F.2d 224, 231-34 (4th Cir.1982); see also United States v. Barrett, 539 F.2d 244, 253 (1st Cir.1976) ("Clearly the federal rule [804(b)(3) ] is no more restrictive than the Constitution permits, and may in some situations be more inclusive.").
 
 
 8
 Alternatively, Mines contends that the statement was admissible because corroborating circumstances clearly indicated its trustworthiness. Our review of the district court's evidentiary ruling is limited to whether the court abused its discretion in finding that corroborating circumstances did not clearly indicate the trustworthiness of the statement. McDonald, 688 F.2d at 233. We find no such abuse here. The substantial evidence showing that Mines occupied the master bedroom where most of the contraband was found supports the court's finding that Tyler's statement was not sufficiently trustworthy to be admissible under Rule 804(b)(3).
 
 IV
 
 9
 There is no merit to Mines' argument that the district court erred in allowing extensive cross-examination of defense witness Kim Mathes. The district court properly exercised its discretion to allow the government to cross-examine Mathes about prior inconsistent statements made under oath. The government's questions challenging Mathes' credibility were squarely within the proper scope of cross-examination under Federal Rule of Evidence 611(b).
 
 AFFIRMED
 
 
 *
 Rule 804(b)(3) states:
 (b) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
 * * *
 (3) Statement against interest. A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.